C. D. MAFFITT v. CAPTAIN HAMMERLAND and A. S. HEIDE.

(Filed 11 March, 1908).

**Principal and Agent—Seamen—Procuring—Accommodation—United States Revised Statutes, Vol. VI, p. 909.**

In an action to recover of defendant moneys advanced him in procuring seamen, no charge being made for services, the plaintiff being a ship broker, the defense will not be sustained that recovery cannot be had under 6 Revised Statutes of the United States, p. 909.

CIVIL ACTION, tried before *Biggs, J.,* and a jury, at December Term, 1907, of the Superior Court of NEW HANOVER County.

Judgment for plaintiff. Defendant Heide appealed.

*John D. Bellamy* for plaintiff.
*Herbert McClammy* for defendants.

PER CURIAM: The defendants contend that, upon the evidence, the plaintiff cannot recover under the Revised Statutes of the United States, Vol. VI, p. 909. The evidence for plaintiff tended to prove that Hudson Bros., of Norfolk, are not shipping commissioners, whose fees for enlisting seamen are fixed by the statute, but general ship brokers. The plaintiff's evidence tends also to prove that the defendant Hammerland, the captain of a Norwegian steamer, went to plaintiff and asked him to procure four sailors for his ship before he left port. Maffitt told defendant he could not furnish the men, but they might be obtained in Norfolk, and, *as a favor* to defendant, he would wire Hudson Bros., a firm of ship brokers in Norfolk, and probably get them there. Maffitt wired, and received a reply that he could get them for $20 a man and railroad fare. Plaintiff took the telegram to defendant, and the latter, after reading it, asked Maffitt to procure the men and advance the money necessary, stating that he would reimburse him. Plaintiff paid out for defendant

$120, railroad fare, telegrams, shipping fees, etc., charging defendant not a cent for his services, and paying the money simply as a favor to Hammerland. The defendants' only defense is that the money paid was paid in violation of the Revised Statutes of the United States.

We do not think that the defendants' contention is well founded.